IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN CAETANO,<br><br>                                         Petitioner,<br><br>             v.<br><br>S. PEERY, Warden,<br><br>                                         Respondent. | Case No. 1:15-cv-00832 LJO MJS (HC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR RULING ON MOTION TO DISMISS**<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE**<br><br>**AMENDED FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Docs. 20, 24, 26-28, 30]** |

**The findings and recommendation previously issued by the Court on September 30, 2015 (ECF No. 24) are hereby VACATED and replaced by these amended findings and recommendation.**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Warden of High Desert State Prison is represented in this action by Brian G. Smiley, of the Office of the Attorney General for

1

the State of California.

## I. Background

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, upon pleading to second degree murder on May 18, 2011. (See Lodged Doc. No. 1.) On June 16, 2011, Petitioner was sentenced to an indeterminate state prison term of fifteen years to life. (Id.)

Petitioner did not appeal his conviction. However, Petitioner filed three post-conviction collateral challenges with respect to his conviction:

1. California Court of Appeal, Fifth Appellate District
Filed: November 12, 2014[1];
Denied: December 5, 2014;

2. California Supreme Court
Filed: December 14, 2014[2];
Denied: January 7, 2015;

3. California Supreme Court
Filed: January 15, 2015[3];
Denied: April 29, 2015;

(See Lodged Docs. 2-7.)

On May 19, 2015, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[4] On September 14, 2015, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (ECF No. 20, Mot. to Dismiss.) Petitioner filed an opposition to the motion

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on November 19, 2014, the petition shall be considered filed on November 12, 2014, the date Petitioner signed the petition.

[2] Although the petition was filed on December 23, 2014, the petition shall be considered filed on December 14, 2014, the date Petitioner signed the petition.

[3] Although the petition was filed on January 22, 2015, the petition shall be considered filed on January 15, 2015, the date Petitioner signed the petition.

[4] Although the petition was filed on June 1, 2015, the petition shall be considered filed on May 19, 2015, the date Petitioner signed the petition.

alleging that although untimely, he was entitled to tolling based on the equitable exception for actual innocence. (ECF No. 23.) On September 30, 2015, the Court issued findings and recommendations to dismiss the petition as untimely. (ECF No. 24.) In response, Petitioner filed objections and a motion to appoint counsel. (ECF Nos. 25-26.) Petitioner objections include hundreds of pages of argument and exhibits. While not completely coherent, the objections allude to significant issues with regard to Petitioner's mental stability, and therefore raise issues as to whether Petitioner is entitled to equitable tolling based on his mental impairment and/or whether the Court should inquire further in this regard, including possibly holding an evidentiary hearing, prior to making a determination.

Based on the record before the Court, including the evidence presented in Petitioner's objections to the findings and recommendation, the Court issues the following amended findings and recommendation.

**II. Discussion**

**A. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 &

n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on May 19, 2015 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal the judgment issued on June 16, 2011. Accordingly, his conviction became final 60 days later on August 15, 2011. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on August 16, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Petitioner did not file any post-conviction challenges to the judgment during the one year limitations period. Therefore, the period commenced on August 16, 2011 and

expired on year later on August 15, 2012.

The statute of limitations therefore expired over two years before the instant federal petition was filed on May 19, 2015. While Petitioner filed three post-conviction challenges starting in November, 2014, petitions filed after the expiration of the statute of limitations period have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). The instant federal petition is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). In his opposition to the motion to dismiss, Petitioner claims he is entitled to an equitable exception to the limitations period based on his actual innocence. However, in his objections to the findings and recommendation, Petitioner elaborates as to his mental condition both prior to and after the crime of conviction. Petitioner's opposition lacks clarity, however, "[a] document filed *pro se* is to be liberally construed, and … must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-890 (9th Cir. 2008) (citations omitted). In light of Petitioner's *pro se* status, and his possible mental impairment, the Court will construe his objections as raising a equitable tolling defense based on his mental state. The Court will address both defenses in turn.

#### 1. Actual Innocence

On May 28, 2013, the Supreme Court held that a federal court may entertain an untimely claim if a petitioner makes a showing of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 185 L. Ed. 2d 1019, 2013 WL 2300806 (2013). To qualify for the equitable exception to the timeliness bar based on actual innocence, a petitioner

"'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" 133 S. Ct. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "[T]he emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S. Ct. 1924, 1936 (quoting Schlup, 513 U.S. at 316.) "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." 133 S. Ct. 1924, 1935.

Petitioner asserts that he is actually innocent because of the alleged ineffectiveness of his trial counsel. (Opp'n at 2-4.) Petitioner's claims, without further explanation, do not undermine his guilt. Petitioner has not described any new evidence, or why that evidence establishes his factual innocence. The evidence presented in the opposition simply is not sufficient to support a finding of actual innocence. Petitioner's new evidence, if presented to a reasonable juror, would not convince the juror of his innocence. Petitioner's actual innocence claim is without merit.

### 2. Mental Impairment

The Ninth Circuit has determined that mental incompetence can represent an extraordinary circumstance and serve as a basis for equitable tolling under AEDPA. See Orthel v. Yates, 795 F.3d 935, 938-41 (9th Cir. 2015); Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. Cal. 2010); Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). Whether mental illness warrants tolling depends on whether the petitioner's mental illness during the relevant time "constituted the kind of extraordinary circumstances beyond his control, making filing impossible, for which equitable tolling is available." Laws, 351 F.3d 919, 922-23 (9th Cir. 2003). The Ninth Circuit has explained that eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental [*11] impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.
>
> To reiterate: the "extraordinary circumstance" of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file. The "totality of the circumstances" inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay. Thus, a petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (internal citations and footnote omitted). Therefore, in order to evaluate whether a petitioner is entitled to equitable tolling, a district court should:

> (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Id. at 1100-01.

If the petition or the record contains some evidence of a period of mental incompetency, courts have generally required further factual development of the record. See Laws, 351 F.3d at 923-24 (describing extended incompetency evaluations at petitioner's trial); Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 814 (9th Cir. 2003) (describing a record documenting "serious mental problems for many years"). On the other hand, where a prisoner fails to show "any causal connection" between the grounds

upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (Not clear error to find equitable tolling inapplicable where prisoner fails to show causal connection between physical and mental disabilities and inability to timely file petition.). Also, "[w]here the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." Orthel v. Yates, 795 F.3d at 939-940 (citing Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010)).

Respondent has not addressed the issue of whether Plaintiff's mental disabilities might have served as an extraordinary circumstance that stood in Petitioner's way of timely filing. As noted, however, Petitioner's objections to the findings and recommendation represent significant evidence that Petitioner's mental health may have been in question during the relevant period from August, 2011 to May, 2015.

Following is an overview of the records provided by Petitioner regarding his mental state:

A year before the limitations period commenced, and prior to Petitioner's trial, Dr. Frank Wilson of the California Forensic Medial Group drafted a progress note after Petitioner failed to meet with him on October 8, 2010. Wilson stated, "I called this a psychotic disorder in the past. I think that it probably still is. I think that it is a probably a chronic schizophrenic process." (ECF No. 25-1 at 80.) Wilson recommended continued medication and visits. (Id.)

The next week, Wilson made the following notes upon visiting with Petitioner:

> S: He missed his 90-day follow-up last week and today was smiling about it like a cat caught with a canary. This is a man who allegedly killed his father in the father's barn and then set the barn on fire. Realizing then that he had marijuana in there, he went in and tried to get the marijuana out. He is facing arson and murder. Looking at him, you would not tell that he is facing this. Inappropriate smiling. I strongly suspect that he was psychotic at the time of the commission of this crime. He has been down

> since November of last year so he is working up to a year. He was not in any position to tell us where the case was going, mainly because I do not think he was aware.
>
> O: His examination was otherwise benign. He clearly had an inappropriate affect and diminished verbal output but was not hostile. I could not tell whether he was responding to internal stimuli or not.
>
> A: The diagnosis is certainly chronic paranoid schizophrenia.

(Id. at 81.) When seen on January 21, 2011, Wilson noted that Petitioner was "surprisingly blasé, laughing almost inappropriately at times" but also found that there was "no evidence of the psychotic process that we saw earlier." (ECF No. 25-1 at 82.) It was again noted on April 15, 2011 that Petitioner was "carrying a diagnosis of paranoid type schizophrenia." (Id. at 84.)

On February 6, 2012, Petitioner was evaluated at Wasco State Prison. (ECF No. 25-1 at 86-87.) The psychologist noted that Petitioner reported a history of psychosis and mood swings, and that it was appropriate that Petitioner remain in the prison's mental health services delivery system. (Id.) At the evaluation, Petitioner reported ongoing mood swings with intense highs, and psychotic symptoms including auditory and visual hallucinations. (Id.)

At a September 28, 2012 interview, Petitioner denied having any auditory or visual hallucinations, and the clinician noted that Petitioner did not appear to be responding to any internal stimuli. (ECF No. 25-1 at 89.) Almost two years later, on May 14, 2014, Petitioner's telepsychiary progress note states that when he was seen on November 25, 2013, it was considered that his psychotic like symptoms, mood, and sleeping difficulties were induced by substance abuse. (ECF No. 25-1 at 85.) It was specifically noted that Petitioner stopped hearing voices when he stopped using methamphetamine in 2009. (Id.)

The Court finds that Petitioner has made a non-frivolous showing that may have been severely mentally impaired during part of or all of the filing period that would entitle him to an evidentiary hearing. Bills, 628 F.3d at 1100-01. Specifically, and consistently with Ninth Circuit authority, this Court holds that further factual development is required

before the Court can determine whether Petitioner's mental capacity rendered him unable to prepare a habeas petition. See e.g., Laws v. Lamarque, 351 F.3d at 924 (Noting the inadequate record before the court, when petitioner's previous competence inquiry required the assistance of three psychiatrists and two psychologists.)

As noted, Petitioner has presented evidence in the form of various evaluations and reports that he has suffered from serious mental disorders that would impair his ability to function normally. To the extent that Petitioner suffered from hallucinations and was reacting to such internal stimuli rather than reality, it could have impeded his ability to timely seek habeas relief. The Court cannot at this juncture confirm the accuracy of the evaluations, or determine whether such mental deficiencies existed during the relevant time period and stood in the way of Petitioner's timely filing. However, Petitioner's showing is sufficient to require this Court to allow Petitioner to present more evidence to support his claims.

The Court can dismiss a petition only if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has alleged potential grounds for equitable tolling. It is possible that when given the benefit of equitable tolling, Petitioner could be found to have timely filed the instant petition. As issues of fact and law exist with regard to whether Petitioner timely filed the petition, it does not "plainly appear" that Petitioner is barred from relief based on the statute of limitations. Respondent has not met the pleading burden, and the motion to dismiss must be denied at this time.

The Court has not made a determination as to whether Petitioner is entitled to equitable tolling. Should Respondent choose, he may file a renewed motion to dismiss addressing equitable tolling issues upon expanding the record by way of discovery or even an evidentiary hearing.[5] See Rules 6-8 of the Rules Governing Section 2254

---

[5] The Court notes that Petitioner presented other grounds for tolling in his objections to the findings and recommendation, including lack of access to his legal files. As the Court is not capable of
(continued…)

Cases. However, it may be that significant evidence, possibly including expert witness evidence, will be required to determine such issues. Additionally, due to the complexity of such a determination, the Court would likely find it appropriate to appoint Petitioner counsel to assist in presenting the tolling defense based on technical mental health assessments. Alternatively, Respondent may address Petitioner's claims on the merits.

### III. Conclusion

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). However, Petitioner may be excused from timely filing due to equitable tolling based on his mental condition. Accordingly, it does not plainly appear that Petitioner is barred from relief based on the expiration of the statute of limitations. The Court recommends that Respondent's motion to dismiss be denied without prejudice to filing a renewed motion to dismiss based on the statute of limitations after the record has been expanded. Alternatively, Respondent may address Petitioner's claims on the merits.

### IV. Recommendation

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be DENIED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Replies to the Objections shall be served and filed

---

(…continued)
addressing Petitioner's allegations of equitable tolling, it need not address the merits of Petitioner's other claims of tolling at this time. Should Respondent file a renewed motion to dismiss, Petitioner's other claims of tolling should be addressed at that juncture.

within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   August 25, 2016            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE