UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN CAETANO, <br><br> Petitioner, <br><br> v. <br><br> MICHAEL SEXTON, Acting Warden, <br><br> Respondent. | Case No. 1:15-cv-00832-LJO-JDP (HC) <br><br> **ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL** <br><br> **(Doc No. 78)** |

Petitioner Nathan Caetano is a state prisoner who proceeded pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order dated March 21, 2018, the court dismissed Mr. Caetano's petition as time-barred and entered judgment. (Doc No. 73.) In the same order, the court denied petitioner's multiple motions requesting appointment of counsel. (*Id*. at 3.) On May 2, 2018, the court received the instant motion in which petitioner again requests appointment of counsel. (Doc No. 78.) In support of his request, petitioner submits that his case is complex and involves novel questions of law. (*Id*.)

There currently exists no absolute right to counsel in habeas proceedings. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) ("The Sixth Amendment has no application here . . . ."). This court is authorized to appoint counsel for an indigent petitioner in a habeas proceeding if it determines that the interests of justice require the assistance of counsel. *See*

*Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B).  However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v.* Lewis, 801 F.2d at 1196.  Appointment of counsel may be required if an evidentiary hearing is warranted.  *See* Rules Governing Section 2254 Cases 8(c).

In its January 29, 2018 order, the court held that the motion to dismiss as time-barred could be decided upon the record before the court and that there was no need for an expert opinion or evidentiary hearing.  (Doc No. 70 at 28.)  The court found that the circumstances of the case did not make appointed counsel necessary to guard against a due process violation.  That conclusion remains valid.  The interests of justice do not require the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for the appointment of counsel (Doc No. 78) is DENIED.

IT IS SO ORDERED.

Dated: May 22, 2018        /s/ *Jeremy D. Peterson*
                                       UNITED STATES MAGISTRATE JUDGE

2